# DISSENTING AND CONCURRING OPINION

No. 04-12-00407-CV

**RUSSELL EQUESTRIAN CENTER, INC.**, John William Russell, Individually and d/b/a
Russell Equestrian Center, and Shane Brashar Russell,
Appellants

v.

Samantha **MILLER** a/k/a Samantha Parker,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 358456
Honorable Irene Rios, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Dissenting and Concurring Opinion by:  Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  June 5, 2013

I agree with the majority opinion that the trial court erred in admitting the testimony of Miller's expert and that the evidence was legally insufficient as to gross negligence. Therefore, I concur in the judgment in part. However, I disagree that the evidence was legally sufficient as to negligence. Therefore, I respectfully dissent in part. I would reverse the trial court's judgment and render judgment that Miller take nothing.

As recognized by the majority opinion, proximate cause consists of both cause in fact and foreseeability. I agree that the evidence showed cause in fact by virtue of the Russells' testimony that, had the gate not been missing, the horses would not have escaped and the accident would not have occurred. But I do not agree that there was legally sufficient evidence of foreseeability. The test for foreseeability is whether a person of ordinary intelligence would have anticipated the

danger created by a negligent act or omission. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). In this case, the fencing had been adequate to contain the horses at the Center for fifteen years. Under this uncontroverted evidence, it was reasonable for the Russells to believe the fencing would continue to adequately contain the horses. There simply was no other evidence from which the jury could infer that the Russells should have anticipated the horses escaping. Thus, I do not believe the record contains more than a scintilla of evidence to support foreseeability.

Karen Angelini, Justice